UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| IRA MINNIFEE, JR. (a/k/a Ira Booker), | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No. | 3:14-cv-00323-PLR-CCS |
| | ) | | |
| ERIC QUALLS, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

On July 11, 2014, Petitioner filed for a writ of habeas corpus alleging his state-based conviction in the Knox County Criminal Court for possession of cocaine within 1000 feet of a school was constitutionally deficient for ineffective assistance of trial counsel [Doc. 1]. Before the Court now are Respondent's motions to dismiss the matter as untimely [Doc. 11] and to substitute counsel [Doc. 13].

### I.   BACKGROUND

On June 17, 2010, Petitioner entered guilty pleas to one count of possession of more than one gram of cocaine with the intent to sell within a thousand feet of a school and six counts of possession of half a gram of cocaine or more within a thousand feet of a school [Doc. 1-1]. *See generally Ira Minnifee, Jr. v. Tennessee*, No. E2012-00996-CCA-R3-PC, 2013 WL 1225785 (Tenn. Crim. App. March 27, 2013). Pursuant to the plea agreement, he received an effective sentence of twenty years, *id.* at *1, and did not seek direct appellate review of his conviction [Doc. 1 p. 2].

On May 2, 2011, Petitioner filed a state petition for post-conviction relief in the Knox County Criminal Court. *Ira Minnifee, Jr.*, 2013 WL 1225785, at *4. Counsel was appointed,

and an amended petition was filed, on January 25, 2012. *Id.* at *2. Following an evidentiary hearing [Doc. 1-2], the amended petition was denied by the post-conviction court, *Ira Minnifee, Jr.*, 2013 WL 1225785, at *6, and the Court of Criminal Appeals affirmed that denial and affirmed the constitutionality of Petitioner's conviction on March 17, 2013, *id.* at *11. The Tennessee Supreme Court denied permission to appeal on July 10 of the same year [Doc. 1 p. 6].

II. ANALYSIS

    A. Motion to Dismiss

On December 5, 2014, Respondent filed a motion seeking dismissal of Petitioner's application for habeas relief, arguing it is time-barred under 28 U.S.C. § 2244(d)'s statute of limitations [Doc. 11]. Nine months have passed and Petitioner has failed to respond.

The AEDPA contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. 28 U.S.C. § 2244(d). The limitations period starts to run when one of four circumstances occurs: (1) the conclusion of direct review; (2) upon the removal of an impediment which prevented a petitioner from filling a habeas corpus petition; (3) when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or (4) when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.*; *Isham v. Randle*, 226 F.3d 691, 693 (6th Cir. 2000). The time is statutorily tolled during pendency of "a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim." *Id.*

Because Petitioner took no direct appeal after pleading guilty to all offenses on June 17, 2010 [Doc. 1], his AEDPA limitations period began to run 30 days later on July 17, 2010.

2

Case 3:14-cv-00323-PLR-CCS   Document 14   Filed 09/25/15   Page 2 of 4   PageID #: 209

Absent statutory or equitable tolling, Petitioner's one-year statute of limitations would have initially expired on July 17, 2011.

### 1. Statutory Tolling

Petitioner filed his state-court petition for post-conviction relief on May 2, 2011, 287 days into his AEDPA limitations period. Because Petitioner filed this state-petition within the original one-year limitations period, his request for post-conviction relief triggered 28 U.S.C. § 2244(d)(2) and tolled the limitations period for the pendency of that process. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2008) (explaining an application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filing" and noting relevant rules include those laws proscribing "time limits upon [the application's] delivery"). The limitations period resumed 800 days later when the Tennessee Supreme Court denied review of the state-petition on July 10, 2013. As a result, Petitioner's AEDPA one-year limitations period expired on September 26, 2015, 78 days after July 10, 2013 and 288 days before he filed the current petition for federal habeas relief on July 11, 2014.

### 2. Equitable Tolling

Despite failure to trigger 28 U.S.C. § 2244(d)(2), the one-year AEDPA statute is not jurisdictional and remains subject to the doctrine of equitable tolling. *Holland v. Florida,* 560 U.S. 631, 645 (2010). Petitioner is "entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance . . . prevented timely filing.'" *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This doctrine "is applied sparingly," however, and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Petitioner bears the burden of

demonstrating cause for equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Petitioner's request for federal habeas relief [Doc. 1] fails to demonstrate the extraordinary circumstances necessary to merit equitable tolling of the one-year AEDPA limitations period. Further, Petitioner has failed to file a response in opposition to Respondent's motion. As such, the Court finds no grounds for equitable tolling exist. Respondent's motion to dismiss [Doc. 11] will be **GRANTED** and Petitioner's July 14, 2014 petition for federal habeas relief will be **DISMISSED** as untimely.

### B. Motion to Substitute Counsel

In addition to the foregoing, Respondent requests "he be permitted to substitute Deputy Attorney General Jennifer L. Smith for former Assistant Attorney General Tara B. Trent as counsel" based on the latter's resignation from her position as Assistant Attorney General for the State of Tennessee [Doc. 13]. In light of the Court's resolution of Respondent's motion to dismiss [Doc. 11], the motion to substitute counsel [Doc. 13] will be **DENIED as moot**.

## III. CONCLUSION

For the reasons discussed above, Respondent's motion to dismiss [Doc. 11] is **GRANTED** and Petitioner's habeas action will be **DISMISSED WITH PREJUDICE**. Respondent's remaining motion to substitute counsel [Doc. 13] will be **DENIED as moot**.

**SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**